UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MELVIN R. LYTTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:16-cv-00154-JMS-MJD |
| | ) |
| CHARLES DANIELS, | ) |
| | ) |
| Respondent. | ) |

**ENTRY AND NOTICE**

The petitioner, a federal prisoner, has been given a period of time in which to show that this action can proceed pursuant to 28 U.S.C. § 2241. Because he fails in that effort, the re-entry judgment in conformity with the Entry of June 16, 2016 is warranted.

**I.**

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *Davenport*, 147 F.3d at 609). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* Thus, it is the inefficacy of the remedy, not the personal

inability to use it, which is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d at 640) (internal citations omitted).

"The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 28 U.S.C. § 2255 remedy." *Smith v. Warden, FCC Coleman–Low,* 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 28 U.S.C. § 2241(c)(3) proceeding by demonstrating that the savings clause of § 28 U.S.C. § 2255(e) applies to his claim." *Id.* "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

## II.

### A.

Petitioner Lyttle challenges the validity of his conviction for conspiracy to commit mail and wire fraud and related offenses in the United States District Court for the Western District of New York. *See United States v. Lyttle*, 455 F. App'x 61 (2d Cir. 2012).

His effort to show that a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention," 28 U.S.C. § 2255(e) consists of the following:

- he can meet the present test for "actual innocence" established in *Schlup v. Delo,* 513 U.S. 298, 327 (1995);

- at trial, he was the victim of government misconduct and catastrophic ineffective assistance of counsel;

- he sought relief in an action pursuant to 28 U.S.C. § 2255, but fell victim to poor jailhouse lawyering. This prevented him from having "even one bite at the [postconviction] apple"; and

- he can meet the standards established in *Murray v. Carrier,* 477 U.S. 478 (1986), for overcoming procedural default.

**B.**

Despite his dissatisfaction with the outcome of the § 2255 proceeding in the trial court, Lyttle is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention."). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be

shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)); *see also Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

Lyttle's entire effort to show that he is entitled to review of the merits of his habeas claims is based on the wrong standard. He attempts to explain that he is actually innocent of the offenses for which he was found guilty. He attempts to show cause for and prejudice from not having included his current habeas claims in his prior § 2255 motion. This does not satisfy the requirements of the Savings Clause of § 2255(e). On the contrary:

> In the wake of [*In re] Davenport*, [147 F.3d 605 (7th Cir. 1998),] we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 2016 WL 3910054, at *6 (7th Cir. July 19, 2016). Lyttle invokes principles which long predated his indictment, trial and direct appeal. He does not rely on a statutory interpretation of any sort and does not rely on any retroactive application of the legal rules he invokes.

**III.**

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Lyttle had that opportunity and used it. He is not entitled to more.

Based on the foregoing, Lyttle has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the convictions he now challenges. His petition for a writ of habeas corpus was properly denied in the Entry of June 16, 2016 and the re-entry of judgment consistent with both that Entry and the present Entry shall now issue. Lyttle's motion to show cause [dkt 14] is **denied.**

IT IS SO ORDERED.

Date: August 1, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MELVIN R. LYTTLE
Reg. No. 07962-028
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808